UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

SHANE LOTT                                   CIVIL ACTION NO. 3:25-2103

                                             SECTION P

VS.

                                             JUDGE ALEXANDER C. VAN HOOK

CADDO PARISH CORRECTIONAL          MAG. JUDGE KAYLA D. MCCLUSKY
CENTER, ET AL.

## REPORT AND RECOMMENDATION

Petitioner Shane Lott,[1] a prisoner at Riverbend Detention Center proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, on approximately December 23, 2025.[2]   Respondent, District Attorney for the First Judicial District, Caddo Parish, moves to dismiss the petition as moot.  [doc. # 11].  For reasons below, the Court should grant Respondent's motion.

### Background

Petitioner states that on May 23, 2022, an officer arrested her[3] in Caddo Parish for failure to register as a sex offender.  [doc. #s 1, p. 7; 6, p. 1].  Petitioner is currently serving a sentence that the 11th Judicial District Court, Sabine Parish, imposed on November 10, 2022.  [doc. # 1, p. 1].  She claims here that with respect to the May 23, 2022 arrest, she has not been charged with a crime by indictment or bill of information.  [doc. # 6].  She suggests, in other words, that her

---

[1] Petitioner's Department of Public Safety and Corrections number is 774962.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

[3] Petitioner asks the Court to use the pronoun, "she," when referring to her.  [doc. # 6, p. 1].

right to a speedy trial is being, or has been, violated.[4]

Petitioner states that she exhausted her state court remedies before all the State's courts. [doc. # 6].  She adds that a state clerk of court told her that she was "not on file" and that her name was "not in the clerk of court system."  [doc. #s 1, p. 2; 6, p. 1].

For relief, Petitioner appears to seek both the dismissal of her charge *and* a speedy trial, which would include charging her via indictment or bill of information.  She states specifically that she wants "the warrant dropped" and wants "to see a judge or get a bill of info[rmation] or lift the detainer[.]"  [doc. # 1, p. 7].

On March 17, 2026, Respondent moved to dismiss the petition.  [doc. # 11].  Petitioner does not oppose the motion, but she does ask the Court to send her a copy of the state court judge's order lifting her detainer, so she may prove to the Louisiana Department of Public Safety and Corrections that it "can lift [her] detainer off [her] rap sheet."  [doc. # 13].

### Law and Analysis

A petitioner "must separately satisfy the case-or-controversy requirement of Article III, Section 2 of the Constitution."  *Herndon v. Upton*, 2021 WL 116535, at *2 (5th Cir. Jan. 13,

---

[4] *See* LA. CODE CRIM. PROC. art. 382(A) ("A prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be instituted by indictment by a grand jury. Other criminal prosecutions in a district court shall be instituted by indictment or by information."); LA. CODE CRIM PROC. art 701(A), (B) ("A. The state and the defendant have the right to a speedy trial. B. The time period for filing a bill of information or indictment after arrest shall be as follows: (1)(a) When the defendant is continued in custody subsequent to an arrest, an indictment or information shall be filed within thirty days of the arrest if the defendant is being held for a misdemeanor and within sixty days of the arrest if the defendant is being held for a felony."); *Barker v. Wingo,* 407 U.S. 514 (1972) (setting forth considerations for speedy trial claims: (1) length of the delay, (2) reason for the delay, (3) defendant's assertion of his right to a speedy trial, and (4) prejudice resulting to the defendant); *United States v. Manetta*, 551 F.2d 1352, 1354 (5th Cir. 1977) ("Barker analysis covers both delay between arrest and indictment and delay between indictment and trial.").

2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  Jurisdiction is constrained to adjudicating "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).  "In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings." *U.S. v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020).  "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks and citation omitted).

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969).  A claim is moot when a petitioner achieves the precise relief she requested. *See New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, 140 S. Ct. 1525, 1526 (2020).  Courts are "obliged to raise the subject of mootness sua sponte." *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

Here, Petitioner states specifically that she wants "the warrant dropped" and wants "to see a judge or get a bill of info[rmation] or lift the detainer[.]"  [doc. # 1, p. 7].  On March 6, 2026, District Judge Ramona L. Emanuel recalled the warrant and released the detainer.  [doc. # 11-4].  As Petitioner achieved the precise relief she requested, her petition is moot.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Respondent's motion to dismiss, [doc. # 11], be **GRANTED** and that Petitioner Shane Lott's petition be **DISMISSED WITHOUT PREJUDICE AS MOOT**.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court mail Plaintiff a copy of Document 11-4.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 13th day of May, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge

4